# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **BRUCE K. LLOYD (S-05280),** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 09 C 0381 |
| | ) | |
| v. | ) | Judge George W. Lindberg |
| | ) | |
| **DOCTOR STEVEN FISHMEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bruce K. Lloyd, currently a detainee at Stateville Correctional Center, filed suit, *pro se*, against Defendants – Dr. Steven Fischman (incorrectly named in the complaint as Dr. Fishmen), Dr. Partha Ghosh and Gary Drop – alleging that Dr. Fischman was deliberately indifferent to his medical needs after Dr. Fischman cut his mouth while performing dental work on his teeth. Doctor Ghosh and Gary Drop were previously dismissed from the action for failure to state a claim upon which relief could be granted. Presently before the Court is the remaining Defendant, Dr. Fischman's motion for summary judgment. For the reasons stated in this order, Defendant's motion for summary judgment is granted.

## LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v.*

*Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

**FACTS**

Plaintiff is a prisoner at the Stateville Correctional Center. (Def's. 56.1(a)(3) Statement ¶ 2.) Doctor Fischman is a dentist employed by the Illinois Department of Corrections at Stateville. (*Id.*, ¶ 2.)

On February 25, 2008, Plaintiff was seen by Dr. Fischman at the Stateville Dental Clinic. Plaintiff had been treated by Dr. Fischman once before this time without any incident. (Def's. 56.1(a)(3) Statement ¶ 7.) Doctor Fischman began to file Plaintiff's teeth down to allow him to be fitted for a partial denture. (*Id.*, ¶ 8.) Plaintiff felt a tug on his lip and then the drill slipped and cut the outside of the left corner of his mouth. (*Id.*, ¶ 9.) Plaintiff does not know how the cut occurred but Dr. Fischman attributes the incident to Plaintiff flinching in the chair. (*Id.*, ¶ 10.)

2

Doctor Fischman had Plaintiff hold some napkins or surgical gauze to his mouth to stop the bleeding. (Def.'s 56.1(a)(3) Statement ¶ 11.) Doctor Fischman asked a medical technician to get some needle and thread from the emergency room supply cabinet. (*Id*., ¶ 12.) When the technician came back to the room with the supplies, Dr. Fischman anesthetized the outside of Plaintiff's mouth and sutured the cut. Plaintiff did not feel pain during the suturing. (*Id*., ¶ 13.) After the suturing, Dr. Fischman gave Plaintiff ibuprofen and penicillin in pill form and released him back to his cell. (*Id*., ¶ 15.) The entire incident lasted approximately twenty-five minutes, including the filing of the teeth before the drill slipped and the suturing of the cut. (*Id*., ¶ 16.) Plaintiff had been sutured in the past and has no reason to believe that Dr. Fischman cut him on purpose; it was an accident. (*Id*., ¶¶ 17-18.) However, Plaintiff believes that Dr. Fischman was "negligent" for not having a dental assistant during the procedure, not sending Plaintiff to the emergency room, not completing the incident, and giving him medication instead of a prescription. (Plaint.'s Resp. to Def.'s 56.1 Statement ¶ 18; Plaint.'s Dep. pp. 38-39.)

On March 25, 2008, Plaintiff returned to the dental clinic in order to have the sutures removed. Doctor Fischman removed the sutures in approximately ten minutes. (Def.'s 56.1(a)(3) Statement ¶ 19.) Doctor Fischman performed no other dental procedure that day. (*Id*., ¶ 20.) After the sutures were removed, Plaintiff had no pain and the cut had healed by this time. Plaintiff did not ask for more medication. (*Id*., ¶ 21.) Plaintiff had no other problems with the cut other than a scar that he claims resulted from the cut. (*Id*., ¶ 22.)

Plaintiff returned to the dental clinic on March 24, 2008, to continue the dental work for the partial denture. (Def.'s 56.1(a)(3) Statement ¶ 24.) Plaintiff refused to have Dr. Fischman do any more dental work because he did not trust Dr. Fischman on account of the cut. (*Id*., ¶ 25.) Plaintiff was seen by another dentist and his partial denture was completed. (*Id*., ¶ 26.)

Plaintiff believes that Dr. Fischman should have had a dental assistant with him on February 25, 2008. (Def.'s 56.1(a)(3) Statement ¶¶ 27-28.) This belief is not based on any rule or professional requirement and there is no rule, policy, procedure, professional requirement, or ethical mandate that required Dr. Fischman to have a dental assistant with him while working with Plaintiff on February 28, 2008. (*Id.*) Dental assistants do not work after 4:00 p.m. at the Stateville Dental Clinic. Doctor Fischman never has a dental assistant when he performs dental work after 4:00 p.m. at the Stateville Dental Clinic. (*Id.*, ¶ 29.)

Plaintiff also believes that Dr. Fischman should have sent him to the emergency room instead of suturing the cut himself. (Def.'s 56.1(a)(3) Statement ¶ 30.) Plaintiff does not believe that as a dentist, Dr. Fischman can suture patients. (*Id.*) However, Dr. Fischman is a licensed dentist with training on suturing cuts of the nature of the Plaintiff's cut. (*Id.*, ¶ 31.) Dr. Fischman has experience in suturing cuts like that which Plaintiff received. (*Id.*) There is no rule, procedure, professional requirement or ethical mandate that required Dr. Fischman to send Plaintiff to another medical professional for the sutures. (*Id.*)

Plaintiff believes that Dr. Fischman did not send him to the emergency room because he wanted to "cover up" that fact that the drill cut Plaintiff's mouth. (Def.'s 56.1(a)(3) Statement ¶ 32.) Doctor Fischman wrote in the Plaintiff's medical records on February 25, 2008, that the Plaintiff was cut and sutured that same day. (*Id.*, ¶ 33.) Doctor Fischman completed an incident report about the incident a few weeks after the incident occurred. The delay in the incident report did not harm Plaintiff in any way. (*Id.*, ¶ 34.)

Plaintiff also believes that Dr. Fischman gave him medication in pill form instead of through a prescription document because Dr. Fischman wanted to "cover up" the incident. (Def.'s 56.1(a)(3) Statement ¶¶ 35.) Doctor Fischman wrote in the Plaintiff's medical records on February 25, 2008,

4

that the Plaintiff received medication in pill form. (*Id.*, ¶ 36.) There was no rule, policy, procedure, professional requirement or ethical mandate that required Dr. Fischman to give Plaintiff a prescription document instead of medication in pill form on February 25, 2008. (*Id.*, ¶ 37.) As a licensed dentist, Dr. Fischman is trained, is qualified to, and can dispense ibuprofen and penicillin in pill form to patients. Dispensing medication in pill form is the usual course of business at the Stateville Dental Clinic. (*Id.*, ¶ 39.) The receipt of medication in pill form instead of by a prescription document did not harm Plaintiff. (*Id.*, ¶ 38.)

Doctor Fischman is not involved in Plaintiff seeing a scar specialist and has no input in any decision regarding Plaintiff being able to see a scar specialist. (Def.'s 56.1(a)(3) Statement ¶ 40.)

## ANALYSIS

The deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference in the medical context has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the correctional official or health care provider must be subjectively aware of and consciously disregard the medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 829 (7th Cir. 2009).

Here, no material facts are in dispute, and Dr. Fischman has established that he is entitled to judgment as a matter of law. Irrespective of whether the Plaintiff's dental work and the cut to his mouth/lip resulting from the drill amounted to a serious medical need, the record does not support a finding that Dr. Fischman acted with deliberate indifference when he was performing the dental services to Plaintiff or attending to the cut to his mouth/lip.

5

The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). Medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006), *citing Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 592 (7th Cir. 1999). Mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient to state a Section 1983 claim. *Johnson*, 433 F.3d at 1013, *citing Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). It is not enough to show, for instance, that a doctor should have known that surgery was necessary; rather, the doctor must know that surgery was necessary and then consciously disregard that need in order to be held deliberately indifferent. *Johnson*, 433 F.3d at 1013, *citing Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999).

Nonetheless, "a trier of fact can conclude that the professional knew of the need from evidence that the serious medical need was obvious." *Johnson*, 433 F.3d at 1013, *quoting Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998); *see also Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996) ("If the symptoms plainly called for a particular medical treatment--the leg is broken, so it must be set; the person is not breathing, so CPR must be administered--a doctor's deliberate decision not to furnish the treatment might be actionable under § 1983."). Moreover, a medical professional's erroneous treatment decision can lead to deliberate indifference liability "if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *See Collignon*, 163 F.3d at 989; *see also Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996) (a health care provider may be liable where his treatment decision is such a substantial departure from accepted professional judgment, practice, or standards as to

6

demonstrate that the person responsible did not base the decision on such a judgment).

A disagreement with a doctor's medical judgment or even evidence of malpractice generally will not establish deliberate indifference. *Johnson*, 433 F.3d at 1013, *citing Estelle*, 429 U.S. at 106, but neither will dispensing a modicum of treatment automatically preclude a deliberate indifference claim if a finder of fact could infer that the care provided was so inadequate as to constitute intentional mistreatment. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007); *Gil v. Reed*, 381 F.3d 649, 664 (7th Cir. 2004); *Sherrod v. Lingle*, 223 F.3d 605, 611-12 (7th Cir. 2000); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

The Constitution does not require that prisoners receive "unqualified access to health care." *Johnson*, 433 F.3d at 1013, *quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, they are entitled only to "adequate medical care." *Boyce v. Moore*, 314 F.3d 884, 888-89 (7th Cir. 2002); *see also Forbes v. Edgar*, 112 F.3d at 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). As applied to claims of deliberate indifference based on a physician's treatment decision, "the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet*, 439 F.3d at 396. The court examines the totality of the medical care provided and isolated incidents of delay do not rise to the level of deliberate indifference. *See Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1374-75 (7th Cir. 1997).

Bearing these standards in mind, the Court concludes that no reasonable trier of fact could find that Dr. Fischman acted with deliberate indifference during the dental procedure or in treating the cut to Plaintiff's mouth/lip.

7

It is undisputed that Plaintiff does not know how the cut occurred and he has not disputed that Dr. Fischman attributes the incident to Plaintiff flinching in the chair. It is further undisputed that Dr. Fischman was not required to have a dental assistant assist him in the procedure and he regularly worked without a dental assistant after 4:00 p.m. because their shift had ended.

Furthermore, Dr. Fischman was not required to send Plaintiff to the emergency room for the cut to be addressed. Dr. Fischman is a licensed dentist with training and experience suturing cuts like that which Plaintiff received. The undisputed facts show that Dr. Fischman immediately treated the cut to Plaintiff's mouth/lip and that there were no further medical issues with the cut or dental work. In addition, Dr. Fischman was not required to provide Plaintiff with a prescription document to provide Plaintiff with any required medications. Plaintiff has provided no support for his assertions that Dr. Fischman's actions were deliberately taken to cover up the incident and the undisputed facts demonstrate the opposite – Dr. Fischman documented the events in Plaintiff's medical file and completed an incident report shortly thereafter. The record does not support any inference that Dr. Fischman acted with deliberate indifference.

Lastly, Plaintiff's belief that Dr. Fischman was negligent in has actions does not demonstrate deliberate indifference. *See Johnson*, 433 F.3d at 1013.

In conclusion, no material facts are in dispute, and Dr. Fischman has established that he is entitled to judgment as a matter of law. No reasonable trier of fact could find that Dr. Fischman acted with deliberate indifference to the Plaintiff's serious medical needs. Accordingly, for the foregoing reasons, Dr. Fischman's motion for summary judgment is granted.

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App.

P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

## CONCLUSION

IT IS THEREFORE ORDERED that the sole remaining Defendant's motion for summary judgment [#76] is granted. The Clerk of Court is directed to enter judgment in favor of Dr. Fischman pursuant to Fed. R. Civ. P. 56.

Dated: June 28, 2011

George W. Lindberg
United States District Court Judge